UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL DAVID SHIPLEY,

    Plaintiff,

v.

RICHARD IVES, Warden,

    Defendant.

Case No. 3:16-cv-2008-JR

FINDINGS AND RECOMMENDATION

RUSSO, Magistrate Judge:

    Plaintiff, an inmate at the Federal Correctional Institution (FCI) in Beaumont, Texas, files this tort action and moves to proceed in forma pauperis (#4). Pursuant to the Prison Litigation Reform Act, a prisoner proceeding in forma pauperis is required to pay the full filing fee of $350.00 when funds exist. 28 U.S.C. § 1915(b)(1). Plaintiff has authorized the agency having custody of him to collect the filing fee from his prison trust account when funds exist. However, plaintiff has been without sufficient funds for the six months immediately preceding the filing of his Complaint. Accordingly, plaintiff's application is allowed, and the court will not assess an initial partial filing fee. However, plaintiff's Complaint is deficient and should be dismissed.

1 -    FINDINGS AND RECOMMENDATION

In federal court, dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). The court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Here, plaintiff alleges that a correctional officer at FCI Sheridan mistakenly packed the wrong property when plaintiff was transferred to the Special Housing Unit; the property packed and subsequently inspected by plaintiff was not his. Plaintiff maintains that his property was left behind in his cell and ultimately lost. Plaintiff alleges negligence and seeks compensation for his lost property. Plaintiff filed an administrative claim for damages with the Bureau of Prisons, and that claim was denied. See 31 U.S.C. § 3723.

Construing plaintiff's claim liberally, he alleges a claim for negligence under the Federal Tort Claims Act (FTCA). However, plaintiff fails to state a cognizable claim for relief. First, plaintiff has not named the proper defendant. In FTCA actions, the United States is the only proper defendant. Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) (per curiam). Second, plaintiff's claim is barred by the FTCA's exception for the detention of goods by a law enforcement officer. See 28 U.S.C. § 2680(c); Ali v. Fed. Bureau of Prisons, 552 U.S. 214 (2008). In Ali, the Supreme Court held that this exception barred a prisoner's FTCA claim arising from property allegedly lost when he was transferred between federal correctional facilities. Ali, 552 U.S. at 216-17, 228; see also Bramwell v. U.S. Bureau of Prisons, 348 F.3d

2 -   FINDINGS AND RECOMMENDATION

804, 807-08 (9th Cir. 2003) (holding that "BOP officers are 'law enforcement officers' exempt from FTCA liability for damage to detained goods" in a suit alleging negligent damage to a prisoner's eyeglasses).

For these reasons, plaintiff's complaint should be dismissed for failure to state a claim. See 28 U.S.C. § 1915A(b)(1),(2). Moreover, amendment would not cure the deficiencies, as plaintiff cannot sustain a tort action based on the alleged mishandling of his property.

## CONCLUSION

Plaintiff's Application to Proceed In forma Pauperis (#4) is allowed. However, plaintiff's complaint should be DISMISSED with prejudice for failure to state a claim. This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within (14) days from service of the Findings and Recommendation. Plaintiff is advised that the failure to file objections will result in dismissal of this action.

IT IS SO ORDERED.

DATED this 14th day of February, 2017.

/s/ Jolie A. Russo

Jolie A. Russo
United States Magistrate Judge

3 -     FINDINGS AND RECOMMENDATION